Michael J. Gearin, WSBA #20982
Brian T. Peterson, WSBA # 42088
Michael W. Meredith, WSBA # 45264
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Timothy W. Dore
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re:<br><br>WIRELESS ADVOCATES, LLC<br><br>Debtor. | Case No. 23-10117-TWD |
| VIRGINIA BURDETTE Trustee of the Bankruptcy Estate of Wireless Advocates, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INGRAM MICRO INC. d/b/a BRIGHTPOINT NORTH AMERICA<br><br>Defendant. | Adv. Proc. No. 25-01026-TWD<br><br>**FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502** |

## I. INTRODUCTION

Virginia Burdette, chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Wireless Advocates, LLC (the "Debtor"), files this Complaint to Avoid and Recover Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. §§ 547 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d) (the "Complaint"). In support of this Complaint, Plaintiff alleges as follows:

FIRST AMENDED COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS - 1
509008016.7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Case 25-01026-TWD    Doc 17    Filed 06/26/25    Ent. 06/26/25 17:19:07    Pg. 1 of 8

## II. JURISDICTION AND VENUE

1. On January 23, 2023 (the "Petition Date"), certain petitioning creditors filed an involuntary bankruptcy petition against the Debtor under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Washington ("Bankruptcy Court"), thereby commencing Case No. 23-10117-TWD (the "Bankruptcy Case").

2. On February 27, 2023, the Bankruptcy Court entered an order for relief [Dkt. No. 91] and Virginia Burdette (the "Trustee") was appointed as the trustee of the Debtor's estate pursuant to Section 701 of the Bankruptcy Code. *See* Dkt. No. 92.

3. This adversary proceeding arises out of and relates to the Bankruptcy Case and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders for matters contained herein.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

5. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1409(a).

6. The statutory and legal predicates for the relief sought herein are Sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. Plaintiff states that she consents to the entry of final orders and judgments by the court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS - 2
509008016.7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Case 25-01026-TWD    Doc 17    Filed 06/26/25    Ent. 06/26/25 17:19:07    Pg. 2 of 8

### III. PARTIES

8. The Trustee, as the chapter 7 trustee of the Debtor's bankruptcy estate, has the right and power to prosecute chapter 5 avoidance action claims on behalf of the Debtor's bankruptcy estate.

9. Ingram Micro Inc. d/b/a Brightpoint North America ("Defendant") is a prepetition creditor and contract counterparty of the Debtor.

10. Defendant may be served with a copy of the Summons and Complaint pursuant to Fed. R. Bankr. P. 7004.

### IV. FACTUAL BACKGROUND

11. The Debtor was a provider of wireless products and services both online and in retail locations. The Debtor's business included selling phones and services for AT&T, T-Mobile, and Verizon via kiosks in retail locations, such as Costco, and on military bases at various locations across the country.

12. Prior to the Petition Date, on December 5, 2022, the CEO of Wireless Advocates, LLC, Dan Brettler, announced that the company would shutter its sales operations in its retail kiosks and that approximately 1,800 kiosk employees were terminated effective immediately.

13. On December 6, 2022, Wireless Advocates, LLC, executed an assignment for the benefit of creditors, assigning its assets to the Stapleton Group, Inc., as assignee. On December 7, 2022, Wireless Advocates, LLC filed a petition to appoint a receiver for the benefit of creditors pursuant to RCW 7.08.030 in King County Superior Court.

14. On January 23, 2023, certain petitioning creditors of the Debtor filed an involuntary bankruptcy petition against the Debtor under chapter 7 of the Bankruptcy Code, commencing this Bankruptcy Case.

FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS - 3
509008016.7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Case 25-01026-TWD   Doc 17   Filed 06/26/25   Ent. 06/26/25 17:19:07   Pg. 3 of 8

15. Defendant Ingram Micro Inc. d/b/a Brightpoint North America is a company that provides supply chain solutions for the wireless technology industry. Defendant provided supply chain services to the Debtor in the ordinary course of the Debtor's business.

16. During the ninety days before the Petition Date, the Debtor made multiple transfers of its interest in property to Defendant. The Debtor made the following payments to Defendant by check (collectively, the "Transfers"): (i) $440,859.00 on or about November 15, 2022; (ii) $304,801.55 on or about November 21, 2022; and (iii) $56,390.31 on or about November 28, 2022.

17. The Transfers were made from one or more of Debtor's bank accounts and include, but are not limited to, the payments identified in Exhibit A to this Complaint.

18. Prior to filing the Complaint, Plaintiff sent a letter to Defendant demanding that it return the Transfers or provide information substantiating any defenses it might have, including under 11 U.S.C. § 547(c).

19. To date, Defendant has failed to return the Transfers or provide evidence establishing a complete defense to the avoidable transfers described herein.

20. Plaintiff, prior to filing this Complaint reviewed the Debtor's books and records available to her, the filed proofs of claim, and considered the Defendant's potential defenses, including under 11 U.S.C. § 547(c).

### V. FIRST CAUSE OF ACTION
#### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

21. Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this First Cause of Action.

22. The Transfers were of an interest in Plaintiff's property.

23. The Transfers were made to or for the benefit of the Defendant.

24. The Transfers, or a portion thereof, were made on account of antecedent debts owed by Plaintiff to Defendant before the Transfers were made.

FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS - 4
509008016.7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Case 25-01026-TWD    Doc 17    Filed 06/26/25    Ent. 06/26/25 17:19:07    Pg. 4 of 8

25. The Transfers were made while Plaintiff was insolvent, such insolvency being presumed pursuant to 11 U.S.C. § 547(f).

26. The Transfers were made within ninety days before the Petition Date.

27. The Debtor's Summary of Assets and Liabilities for Non-Individuals at Dkt. No. 158 shows that, as of the Petition Date, the Debtor's exceeded the Debtor's assets. Accordingly, the Transfers enabled Defendant to receive more than it would have received in a chapter 7 case had the transfer not been made and had the Defendant received payment of the debt to the extent allowed by the Bankruptcy Code.

28. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

29. Defendant was the initial transferee of the Transfers.

30. Defendant was the entity for whose benefit the Transfers were made.

31. Based upon the foregoing, Plaintiff is entitled to recover the Transfers or their value from Defendant pursuant to 11 U.S.C. § 550(a).

## VI. SECOND CAUSE OF ACTION
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

32. Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Second Cause of Action.

33. Plaintiff is entitled to avoid the Transfers pursuant to Section 547(b) of the Bankruptcy Code and Section 548 of the Bankruptcy Code.

34. Defendants were the initial transferees of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

35. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Transfers or a portion thereof after accounting for the refund paid by the Debtor.

FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS - 5
509008016.7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Case 25-01026-TWD    Doc 17    Filed 06/26/25    Ent. 06/26/25 17:19:07    Pg. 5 of 8

## VII. THIRD CAUSE OF ACTION
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

36. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Third Cause of Action.

37. Defendant is a transferee of transfers avoidable under Sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

38. Defendant has not paid the amount of the avoidable transfer(s) or turned over such property, for which Defendant is liable under Section 550 of the Bankruptcy Code.

39. Pursuant to Section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or their assignee, against the Debtor's bankruptcy estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the avoidable transfer(s).

## VIII. RESERVATION OF RIGHTS

40. The Complaint is intended to seek recovery of all transfers avoidable under chapter 5 of the Bankruptcy Code, including any payments received during the applicable preference period not specifically identified in the Complaint. Plaintiff reserves the right to amend this Complaint if additional claims are revealed during discovery, including, but not limited to, any claims arising under chapter 5 of the Bankruptcy Code.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order and judgment in favor of the Plaintiff as follows:

A. Judgment that the Transfers are avoidable pursuant to 11 U.S.C. § 547(b);

B. Judgment that Plaintiff is entitled to recover the Transfers or their value pursuant to 11 U.S.C. § 550 in an amount equal to the Transfers, plus all interest, costs, and attorneys' fees allowed by law;

C. Disallowance of any claim filed by Defendant pursuant to 11 U.S.C. § 502(d) until such time that Defendant returns any avoided Transfers;

FIRST AMENDED COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS - 6
509008016.7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Case 25-01026-TWD    Doc 17    Filed 06/26/25    Ent. 06/26/25 17:19:07    Pg. 6 of 8

D. Leave to amend this pleading to conform to evidence during the course of litigation and/or the evidence at trial; and

E. Such further relief that the court deems necessary and proper.

DATED this June 26, 2025

Respectfully submitted,

K&L GATES LLP

*/s/ Brian T. Peterson*
Michael J. Gearin, WSBA #20982
Brian T. Peterson, WSBA # 42088
Michael W. Meredith, WSBA # 45264
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: michael.gearin@klgates.com
brian.peterson@klgates.com

*Attorneys for Virginia Burdette, Chapter 7 Trustee*

FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS - 7
509008016.7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Case 25-01026-TWD    Doc 17    Filed 06/26/25    Ent. 06/26/25 17:19:07    Pg. 7 of 8

## Exhibit A

| Date | Amount | Payee | Type | Description | Bank | Account |
|---|---|---|---|---|---|---|
| 11/15/2022 | $440,859.00 | Brightpoint North America LP | Check | 9577 8315582024 | US Bank | x3340 |
| 11/21/2022 | $304,801.55 | Brightpoint North America LP | Check | 9601 8014833738 | US Bank | x3340 |
| 11/28/2022 | $56,390.31 | Brightpoint North America LP | Check | 9625 8013718411 | US Bank | x3340 |

FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS - 8
509008016.7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Case 25-01026-TWD    Doc 17    Filed 06/26/25    Ent. 06/26/25 17:19:07    Pg. 8 of 8